## Thomas C. Worden and Fashion Automobile Station, Appellees, v. Dennis J. Nolan and Sydney W. Andersen, Appellants.

### Gen. No. 23,959.   (Not to be reported in full.)

Interlocutory appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court. Affirmed. Opinion filed January 30, 1918.

### Statement of the Case.

Bill by Thomas C. Worden and Fashion Automobile Station, a corporation, complainants, to enjoin Sydney W. Andersen and any corporation controlled by him from employing or using the services of Dennis J. Nolan in certain capacities in a certain area, and to enjoin said Nolan from in any way becoming connected with any garage business in such area. From an interlocutory order granting such injunction, defendants appeal.

MANIERRE & PRATT and DELAVAN B. COLE, for appellants.

NEWMAN, POPPENHUSEN & STERN, for appellees; CHARLES T. FARSON, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. SALES—*when seller cannot set up invalidity of assignment of option to purchase business.* Where it is alleged in a bill for an injunction and not denied that one of the complainants procured a third person to negotiate with defendant for the purchase of the latter's property and that, after the purchase by such third person of an option thereon, such complainant informed defendant that the option should be assigned to him for the benefit of the other complainant and the assignment by the third person to the former complainant was made with the knowledge and consent of defendant, defendant cannot set up that the assignment by such third person was invalid and that the assignee did not succeed to such third person's rights with regard to a negative covenant contained in defendant's agreement.

2. CONTRACTS, § 216*—*when seller of business not relieved from compliance with negative covenant.* The fact that mutual rights under a contract for the sale of a business are temporarily held in abeyance by a deposit of the purchase price and the bill of sale in escrow does not relieve the seller, on the ultimate consummation of the contract, from the compliance with a negative covenant not to engage in business contained therein, which was understood to constitute a part of the contract as consummated.

3. CONTRACTS, § 216*—*what constitutes violation of covenant not to enter into garage business.* The covenant on the part of one selling a garage business and good-will for $20,000, $17,000 of which was for the good-will, "not to enter into the garage business" in certain limits, will not permit him to become the manager of a garage in such limits, even though he merely receives a salary as manager and has no financial interest in the business.

4. INJUNCTION—*when employer enjoined from using services of employee violating negative covenant in sale of his business.* One who is seeking to get another to enter into a contract of employment which will constitute a breach of a negative covenant in a contract of sale by the latter is properly enjoined from employing or using the services of the latter in a suit by the other party to the contract of sale to enjoin both of such persons from a breach of such covenant.

5. INJUNCTION, § 80*—*what are proper terms of decree against violation of agreement not to enter into business.* Where one selling a garage business and the good-will agreed not to enter in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

garage business in a specified area for a specified period, a decree enjoining the violation of such covenant may properly restrain him from in any way becoming connected with any garage business within the inhibited area.